UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES,<br>　　　　　　　　Petitioner,<br>　　v.<br>CVS HEALTH CORPORATION,<br>　　　　　　　　Respondent. | No. 1:21-mc-3 |

PETITION OF THE UNITED STATES
TO ENFORCE ADMINISTRATIVE SUBPOENA

Pursuant to Title 21, United States Code Section 876(c), the United States petitions this Court for an order to show cause to enforce a subpoena *duces tecum* (the "Subpoena") issued by the Drug Enforcement Administration ("DEA") to Respondent CVS Health Corporation ("CVS").

The Subpoena seeks documents and records relevant to an ongoing investigation by the DEA and Department of Justice (the "government") to determine whether CVS and/or related individuals or entities may have engaged, or are engaging, in conduct related to the dispensing of opioids and other controlled substances at retail pharmacies that violates the Controlled Substances Act ("CSA"), U.S.C. Title 21, Chapter 13.

The Subpoena was served on CVS on January 7, 2020.  CVS has not fully complied with the Subpoena, has refused without reasonable basis to produce certain categories of responsive records, and has refused to indicate whether or when it will produce others.  CVS's slow and selective production of only a small number of responsive documents has hampered the investigation.  Accordingly, the Court should order CVS to fully comply with the Subpoena.

1

In support of the Petition, the following Petition Exhibits ("Pet. Exs.") are attached:[1]

- Exhibit 1: Declaration of Joseph Kellenberger
- Exhibit 2: Declaration of C.B. Buente
- Exhibit 3: January 7, 2020, DEA Subpoena to CVS Health Corporation, Attachments A and 1 thereto, and accompanying Specifications for Production of Electronically Stored Information and Digitized ("Scanned") Images[2]
- Exhibit 4: February 7, 2020, CVS letter with objections to Subpoena

## JURISDICTION AND VENUE

1. This Court has jurisdiction under Title 28, United States Code Sections 1331 and 1345 and under Title 21, United States Code Section 876(c), which provides that the Attorney General may "invoke the aid of any court of the United States" to compel compliance with a DEA subpoena issued pursuant to Title 21, United States Code Section 876(a).

2. Venue is proper in this district under Title 21, United States Code Section 876(c). The Subpoena requests return of records to the U.S. Attorney's Office at 2100 Jamieson Ave., Alexandria, Virginia, and the investigation is being conducted in this district.

## THE PARTIES

3. The DEA is a bureau of the United States Department of Justice. *See* 28 C.F.R. § 0.1. The Attorney General has delegated to DEA his statutory authority under the CSA to regulate the manufacture and distribution of controlled substances and to investigate

---

[1] The government is also filing a Memorandum of Law in support of the Petition.

[2] Attachments 2 and 3 to the Subpoena contain lists of specific prescribers and patients relevant to particular requests in the Subpoena and are omitted from the Exhibit for privacy reasons. The government will provide Attachments 2 and 3 to the Subpoena under seal at the Court's request.

potential violations of the CSA. *See* 21 U.S.C § 871(a); 28 C.F.R. § 0.100(b). Title 21, United States Code Section 876(a) authorizes the Attorney General to issue subpoenas for the production of "any records . . . which the Attorney General finds relevant or material to" an investigation related to the Attorney General's regulatory and enforcement authority with respect to controlled substances.

4. Respondent CVS Health Corporation is a publicly-traded Delaware corporation with its principal executive offices located in Woonsocket, Rhode Island. CVS is the parent corporation of entities that operate retail pharmacies within the Eastern District of Virginia and throughout the United States that are registered with the DEA to dispense controlled substances pursuant to 21 U.S.C. § 822 and 21 C.F.R. § 1301.11.

## THE SUBPOENA AND CVS'S NONCOMPLIANCE

5. The DEA is investigating CVS's compliance with the CSA and its regulations relating to the dispensing of controlled substances at retail pharmacies. Pursuant to that investigation, DEA Diversion Program Manager Justin Wood issued the Subpoena on January 7, 2020. *See* Pet. Ex. 3.

6. That same day, the Subpoena was served via email on CVS's counsel, who agreed on CVS's behalf to accept service of the Subpoena via email. *See* Pet. Ex. 1 at ¶ 6.

7. The Subpoena sought production on or before February 6, 2020, of certain categories of documents and data that the government expected could be identified and produced without comprehensive searches of custodial electronic files or privilege reviews (the "First Set of Requests"). *See* Pet. Exs. 2 at ¶ 5, 3.

8. The Subpoena also sought production on or before April 6, 2020, of additional categories of documents that the government expected to require electronic searches and, to the

extent CVS intended to withhold privileged documents, privilege reviews (the "Second Set of Requests"). *See* Pet. Exs. 2 at ¶ 5, 3. Both sets of requests sought documents relevant and material to the DEA's investigation. *See* Pet. Exs. 1 at ¶ 9, 3. While CVS served general objections on February 7, 2020, it largely did not specifically object to individual requests. *See* Pet. Ex. 4.

9. In the year since the Subpoena was served, CVS and the government have met and conferred numerous times and exchanged detailed correspondence regarding CVS's compliance with the Subpoena. While CVS has made rolling productions of certain responsive documents—the vast majority of which were copies of productions CVS had already made in the opiate prescription multidistrict litigation (MDL No. 2804 (N.D. Ohio)) and other government investigations relating to CVS's controlled substances dispensing conduct—CVS has not, to date, produced substantial portions of the records demanded in the Subpoena.

10. With respect to the First Set of Requests, the government has regularly requested updates regarding the status of CVS's production, including on March 12, July 16, and October 30, 2020. The government has also requested that CVS complete production of documents responsive to certain requests by specific dates. CVS has not completed production of documents responsive to the First Set of Requests and has declined to comply with requested production dates. To the extent CVS intends to produce further documents responsive to the First Set of Requests, CVS has yet to provide a date certain by which it anticipates completing production of such documents.

11. With respect to the First Set of Requests, CVS has not complied fully with the requests, has not provided a date certain for completion of production, and has not represented that it will produce all responsive documents.

12. CVS has refused to comply fully with any of the requests in the Second Set of Requests.

13. CVS, however, has presented no more than a generalized objection of burden.  CVS has both failed to raise or show the basis for its unspecific objection or to provide "reasonable conditions" to "ameliorate the subpoena's breadth."  *See In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000).

14. CVS has failed to (i) comply with specific government production requests that are objectively reasonable, (ii) provide information to the government that is necessary to evaluate its burden and breadth claims, and (iii) seek reasonable conditions to ameliorate any claimed burden and breadth.

15. CVS's failure to comply timely with the Subpoena impedes the DEA and Department of Justice's ongoing investigation.  *See* Pet. Ex. 1 at ¶ 8.

16. No previous application for the relief sought herein has been made.

...

Prayer for Relief

WHEREFORE, the government prays for:

    a. Entry of the accompanying Order to Show Cause.

    b. Such other relief as the Court deems just and proper.

Dated: February 18, 2021

Respectfully submitted,

SARAH E. HARRINGTON  
Deputy Assistant Attorney General  
Civil Division

RAJ PAREKH  
Acting United States Attorney

GUSTAV W. EYLER  
Director  
Consumer Protection Branch

By:     /s/  
Clare P. Wuerker  
Assistant United States Attorney  
United States Attorney's Office  
Counsel for the United States  
101 West Main Street, Suite 8000  
Norfolk, VA 23510  
Telephone - 757-441-6331  
Facsimile - 757-441-6689  
E-Mail - Clare.Wuerker@usdoj.gov

C.B. BUENTE  
BEN CORNFELD  
Trial Attorneys  
Consumer Protection Branch  
U.S. Department of Justice  
Civil Division  
450 5th Street, N.W.  
Washington, D.C. 20530  
Tel: 202-616-2375 (Buente)  
202-598-7276 (Cornfeld)  
Fax: 202-514-8742  
Christopher.Buente@usdoj.gov  
Benjamin.A.Cornfeld2@usdoj.gov